NEW-YORK,
May, 1809.

The People
v.
Meany.

Where a jury was sworn and impanelled to try a prisoner, on several indictments, and after giving a verdict of not guilty on the first indictment, they separated and went to a tavern, and then returned into court, when the prisoner was tried by the same jury on the other indictments and found guilty, this court held the proceedings on the other indictments irregular; but whether the prisoner is to be discharged or a new trial granted? *Quære.*

## The People *against* Meany.

THE indictment and proceedings in this cause were removed to this court by *certiorari.* The prisoner was indicted at a *special sessions,* held in the city of *New-York,* in *February,* 1809. There were several indictments found against him for grand larceny, to which he pleaded not guilty, and by his consent the same jury were sworn to try them all. After a trial on the first indictment, the jury withdrew to deliberate. During their absence, another prisoner was put upon his trial, and soon after the jury, in the case of the present prisoner, returned into court with a verdict of not guilty. The court, after recording the verdict, proceeded in the other trial in which they were engaged, and the jury supposing, probably, that they were under no further restraint, without being observed by the court or the attorney-general, whose attention was engaged in the other trial, separated, and some of them went into a tavern adjoining the hall, where witnesses and prosecutors usually resort, during the sitting of this court. After the other trial was over, the jury, who had been sworn to try the prisoner, were again called, in order to try the prisoner on the remaining indictments. The counsel for the prisoner objected to the proceeding as irregular, after the jury had separated, and refused to appear, or, under the circumstances of the case, to proceed in the defence of the prisoner against the other indictment. The same jury were then sworn again, but the counsel for the prisoner persisted in the objection, and refused to appear in his defence. The prisoner was then tried, without the aid of counsel, and convicted on all the remaining indictments. On the prayer of the prisoner, his sentence was respited, and he was now brought up to this court on a *habeas corpus.*

*Sampson,* for the prisoner. The trial by jury is justly regarded by the wisest and best of men, as the *palladium* of

civil liberty. It ought to be kept inviolate, and scrupulously guarded against every encroachment. The very *forms* intended to protect it from innovation, are sacred, and not to be dispensed with.* After a jury are impanelled, they are to be kept from every communication, and can receive no evidence, except what is produced in court.† The oath of the jurors, and of the officer sworn to attend them, shows the caution of the law in this respect. After a jury are sworn in a criminal case, affecting life or member, they cannot be discharged, but must give their verdict.‡ They cannot separate, but must be kept together, until they agree on their verdict.§ The judges, in *Kinlock's* case,¶ admitted the rule laid down by Lord *Coke*, to be a good general rule, but subject to exceptions; and, in that case, all the authorities which have any bearing on this point, were cited and examined. This is a much stronger case than that of *Kinlock*. [He was stopped by the court.]

*Riker*, district attorney, contra, cited 2 *Hale's P. C.* 294, 295, 296. *Leach*, 706, 707. *King* v. *Scalbert*. *Kinlock's* case, *Foster*, 38.

*Sampson* cited 6 *Term Rep.* 638. 4 *Hawk. P. C.* 233. c. 36. § 15. 2 *Caines*, 305. to show that the prisoner ought to be discharged, in case the court should be of opinion that the trial was irregular.

*Riker* cited *Frye's* case, 3 *Dallas*, 515. as to the power of the court to grant a new trial.

*Per Curiam.* There can be no doubt that there was an irregularity in this case ; the jury ought to have been sworn and impanelled again. We give no opinion however, whether there ought to be a new trial or not ; but shall recommend the prisoner for a pardon.

[The prisoner afterwards obtained a pardon and was discharged.]